R. L. Swearer Co. *v.* United States

**No. 6017.**— Invoice dated Hanley, England, February 17, 1941, etc.
Certified February 18, 1941, etc.
Entered at Pittsburgh, Pa., March 27, 1941, etc.
Entry No. 365, etc.

(Decided May 22, 1944)

*Jerome G. Clifford* (*Jerome G. Clifford* and *George W. Israel* of counsel) for the plaintiff.
*Paul P. Rao*, Assistant Attorney General (*Richard F. Weeks* and *Daniel I. Auster*, special attorneys), for the defendant.

WALKER, Judge: These are appeals for reappraisement filed by the agent of the consignee of certain importations of so-called potters' gold colors exported from England during the period between October 24, 1940, and January 26, 1942. The merchandise was appraised on the basis of United States value, and it is claimed that the correct basis of appraisement should have been the foreign value thereof. (Secs. 402 (e) and (c), respectively, of the Tariff Act of 1930.)

On the trial of the issue the record in the case of *R. L. Swearer et al.* v. *United States*, 8 Cust. Ct. 644, Reap. Dec. 5598, was incorporated and made a part of the record in this case. Counsel for the plaintiff thereupon offered in evidence a document purporting to be the affidavit of one Sidney T. Harrison, managing director of the exporter in England, together with some 59 copies of invoices referred to therein. Upon objection by counsel for the defendant, decision was subsequently made, reported in *R. L. Swearer Co.* v. *United States*, 11 Cust. Ct. 338, Reap. Dec. 5884, holding the document offered to be inadmissible on the ground that the authority to administer oaths of the person who signed the jurat had not been established, and restoring the cases to the docket for that purpose or whatever action might be desired to be taken.

When the case was again called counsel for the plaintiff offered a photostatic copy of the document previously offered together with evidence establishing the authority of the person who took the oath and the authenticity of his signature, and it was admitted in evidence as exhibit 2. A similar offer was made in connection with the affidavit contained in the incorporated case, and the motion being granted the papers were marked exhibit 3. A letter from the exporter detailing the method by which the authentication had been obtained was admitted in evidence as exhibit 4.

In the cases at bar plaintiff has abandoned all claims as to items 3385 and 3531, and limits its claim to the following items wherever they appear on the invoices:

| Column A | Column B |
|---|---|
| S280 | 3988 |
| S316 | En. Pink XX |
| 3084 | 3204 |
| 3201 | 3364 |
| 3355 | S53 |
| 3561 | 3990 |
| 3571 | S252 |
| 3987 | 3569 |
| 3991 | 4957 (S316) |
| S367 | |

In his decision reported in Reap. Dec. 5598, Judge Dallinger set forth in complete detail the situation with respect to the issue in these cases and the evidence offered by both the parties in that case, and it is not necessary to repeat it here. The evidence offered in the case at bar is intended to establish that the same situation existed during the period of the exportations here involved in reference to the items enumerated above as existed with respect to the shipments covered by the incorporated case, as well as to establish certain facts in connection with item S367, on which a finding adverse to the plaintiff was made by Judge Dallinger.

As to all of the items listed in column A above, except item S367, Judge Dallinger found that a foreign value, as defined in section 402 (c) of the Tariff Act of 1930, existed. The evidence offered on behalf of the plaintiffs in the form of an affidavit of the managing director of the exporter, exhibit 1 in the incorporated case, made out a *prima facie* case in favor of the claim that a foreign value existed. Opposed to this was the report of a Treasury representative, exhibit 2 in the incorporated case, detailing an investigation conducted by him at the offices of the exporter, in the beginning of which he states that—

—the data contained in this report were obtained by a personal inspection of the regular books of account and other records of the said firm, unless otherwise stated herein.

and that—

—Mr. Millington, the export manager, placed these books and records at my disposal and supplied supplementary information.

The pertinent evidence contained in the foregoing exhibits is set forth in Judge Dallinger's opinion reported in Reap. Dec. 5598, *supra*. It will be observed that in exhibit 1 Mr. Millington is described as a bookkeeper, while in exhibit 2 he is identified as the export manager. Nothing further was offered in the case at bar to show whether either

or both of these statements were true, nor was anything offered to show why, although the Treasury representative, after a thorough search, was able to find only 12 sales in the home market, none of which was of merchandise such as or similar to that here involved, the plaintiff was able to offer evidence of 55 sales of the involved merchandise in the home market during the period in question.

There is a vast discrepancy between the statements made in exhibit 1 and those made in exhibit 2 in the incorporated case. Judge Dallinger resolved the conflict in favor of the plaintiff, without, however, setting forth any reasons for so doing. I am not unmindful of the fact that exhibit 1 was made by a person having some interest in the outcome of the case, while exhibit 2 was made by an official sworn to perform his duty and who presumably could have no interest in stating, in his report, anything other than the situation as he found it.

However, some seven months elapsed between the promulgation of Judge Dallinger's decision and the calling for trial of the instant cases. It would appear that during that time, knowing these cases were to come on for trial, and being aware of the doubt cast upon the status and capacity of Mr. Millington to speak for the exporter as shown in exhibit 1, the defendant could have acquired some evidence to indicate whether Mr. Millington's illness, which required confinement to a sanatorium, was such as to affect his reliability and whether the facts as stated by him were correct, and possibly could have made effort to reexamine the books to determine whether the sales referred to in exhibit 1 were substantiated thereby. There were undoubtedly many avenues of inquiry, but defendant elected to submit the instant cases without offering further evidence.

Under the circumstances, I find the plaintiff has made out a *prima facie* case in favor of its claims, and that the defendant has not sustained its burden of going forward with the evidence. On the entire record I find that there existed for all of the items enumerated in columns A and B, above, including item S367, wherever found on the invoices, a foreign value as defined in section 402 (c) of the Tariff Act of 1930 as amended by the Customs Administrative Act of 1938 (T. D. 49646); that there was no export value therefor as defined in section 402 (d) of the same act; and that such foreign value in each case was as follows:

| Item No. | Price per pound |
|----------|-----------------|
| S280 | 20 shillings |
| S316 | 40 shillings |
| 3084 | 21 shillings |
| 3201 | 20 shillings |
| 3355 | 7 shillings |
| 3561 | 25 shillings |
| 3571 | 11 shillings |
| 3987 | 39 shillings |

| Item No. | Price per pound |
|---|---|
| 3991 | 15 shillings |
| 3988 | 32 shillings 6 pence |
| En. Pink XX | 17 shillings 6 pence |
| 3204 | 36 shillings |
| 3364 | 25 shillings 3 pence |
| S53 | 18 shillings 6 pence |
| 3990 | 15 shillings |
| S252 | 40 shillings |
| 3569 | 14 shillings 6 pence |
| 4957 | 40 shillings |
| S367 | 22 shillings 3 pence |

Plus casks and packing as invoiced.

As to all other item numbers, including 3385 and 3531, which were specifically abandoned, the statutory presumption of correctness attaching to the appraised values not having been overcome, I find such values to be the proper values of such merchandise.

Judgment will issue accordingly.